IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**NEAL K. MADDOX**                                                                              **PLAINTIFF**

v.                                            **4:08-CV-00048-WRW**

**FEDERAL BUREAU OF INVESTIGATION**                                          **DEFENDANT**

## ORDER

Pending is Petitioner's Motion for a Writ of Mandamus (Doc. No. 3).

**I.   BACKGROUND**

Plaintiff asserts that starting in December 2005, he:

> began to be attacked by a group of people through the use of "sound technology" in the form of high frequency sound, RF and microwave "sound", etc transmission. This paramilitary group, church, organization, etc may be protecting the members who do contract work for the military.  This group uses all forms of new / high technology devices to accomplish their aims.[1]

Plaintiff requests that the FBI and CID U.S. Army be directed to "investigate the attacks and harassment to which the Plaintiff is being subjected and which resulted in Plaintiff leaving his position with the U.S. Army . . . Plaintiff requests that the FBI be required to furnish technical information, measuring instruments, etc to prove Plaintiff's case."[2]  Plaintiff also asked that "the Court order his reinstatement to the previous position which he held with the U.S. Army with back pay and benefits and other relief as may be appropriate including injunctive orders.

---

[1] Doc. No. 1.

[2] Doc. No. 1.

**II.      12(b)(6) DISMISSAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), "dismissal is appropriate only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.[3]  A court may *sua sponte* dismiss a complaint for failure to state a claim.[4]   However, when considering dismissal under 12(b)(6), the court assumes all facts alleged by the plaintiff are true.[5]

To the extent that Plaintiff is asserting claims for personal injury against the FBI, the claims are without merit, because the "injuries" Plaintiff has suffered come at the hands of a "paramilitary group, church, organization, etc," not the FBI.  To the extent that Plaintiff is asserting Title VII claims against the FBI, the claims are without merit, since Plaintiff does not assert that he ever worked for the FBI.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, this case is DISMISSED. The  pending motion (Doc. No. 3) is DENIED as MOOT.

IT IS SO ORDERED this 26th day of March, 2008.

/s/ Wm. R. Wilson, Jr._____
 UNITED STATES DISTRICT JUDGE

---

[3]*Reeve v. Oliver*, 41 F.3d 381, 382 (8th Cir. 1994).

[4]See *Mildfelt v. Circuit Court*, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam).

[5]*Autio v. AFSCME*, 140 F.3d 802, 804 (8th Cir. 1998).